CUEVAS & GREENWALD, P.C.
*Attorneys for the Debtor*
*Star Brite Properties Corp.*
at 475 Park Avenue South - 26th Floor
New York, New York 10016
Tel. No. 212-983-1922
Carlos J. Cuevas
Wayne M. Greenwald

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**In re**                                             **Chapter 11**

**STAR BRITE PROPERTIES CORP,**          Case No. 11-40758(CEC)

        **Debtor.**
-------------------------------------------------------X

===============================================================
**THIS IS NOT A SOLICITATION OF ACCEPTANCES OF THE PLAN.**
**ACCEPTANCES MAY NOT BE SOLICITED UNTIL A DISCLOSURE**
**STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT.**
**THE ANNEXED DISCLOSURE STATEMENT HAS NOT BEEN**
**APPROVED BY THE COURT.**
===============================================================

**DISCLOSURE STATEMENT, PURSUANT TO BANKRUPTCY**
**CODE SECTION 1125, FOR STAR BRITE PROPERTIES CORP.'S**
<u>**PLAN OF REORGANIZATION**</u>

**I. <u>INTRODUCTION</u>**

      Star Brite Properties Corp., Debtor and Debtor-in-Possession ("Star Btite" or the

"Debtor), prepared this disclosure statement (the "Disclosure Statement") pursuant to

Bankruptcy Code Section 1125,[1] in this Bankruptcy Case and in connection with the solicitation of acceptances or rejections of the Debtor's Plan of Reorganization, dated July 15, 2011 (the "Plan"). The Plan was filed with this Court contemporaneously with the Debtor's Disclosure Statement on July 20, 2011.

A complete copy of the Plan is annexed to this Disclosure Statement as Exhibit A."

The purpose of this Disclosure Statement is to provide Star Brite's Creditors and Interest Holders with adequate information to enable them to make an informed judgment about the acceptability of the Plan. This Disclosure Statement aims to give Creditors and Interest Holders sufficient information, as far as it is reasonably practicable for the Debtor to provide, that would allow a hypothetical reasonable investor typical of the holders of Claims and Interests in the classes Impaired under the Plan to make an informed judgment about whether to accept or reject the Plan.

The provisions of the Plan are binding on all Creditors and Interest Holders, therefore, please read the Plan and this Disclosure Statement carefully.

**APPROVAL OF THIS DISCLOSURE STATEMENT BY THE COURT DOES NOT AMOUNT TO A RULING BY THE COURT ON THE FAIRNESS OR MERITS OF THE PLAN.**

**NO STATEMENT, INFORMATION OR REPRESENTATION CONCERNING THE DEBTOR (PARTICULARLY AS TO ITS FUTURE BUSINESS OPERATIONS, PROFIT OR FINANCIAL CONDITION) IS AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS DISCLOSURE STATEMENT. ANY**

---

[1] Capitalized or abbreviated terms contained in this Disclosure Statement shall have the same meaning as ascribed to them in Article I of the Plan, or elsewhere therein, unless otherwise defined in this Disclosure Statement.

**REPRESENTATION OR INDUCEMENT MADE TO SECURE ACCEPTANCES OF THE PLAN WHICH ARE OTHER THAN AS CONTAINED IN THIS DISCLOSURE STATEMENT SHOULD NOT BE RELIED UPON IN ARRIVING AT A DECISION AND ANY SUCH ADDITIONAL REPRESENTATION OR INDUCEMENT SHOULD BE REPORTED TO COUNSEL FOR THE DEBTOR, WHO IN TURN SHALL DELIVER SUCH INFORMATION TO THE COURT FOR SUCH ACTION AS THE COURT MAY DEEM APPROPRIATE. THE FINANCIAL INFORMATION CONTAINED HEREIN HAS NOT BEEN SUBJECT TO AN AUDIT. THE DEBTOR IS UNABLE TO WARRANT AND REPRESENT THE ACCURACY OF THE INFORMATION CONTAINED HEREIN ALTHOUGH EVERY EFFORT HAS BEEN MADE TO INSURE ITS ACCURACY.**

**THIS DISCLOSURE STATEMENT HAS BEEN APPROVED BY AN ORDER OF THE COURT, THE HONORABLE CARLA E. CRAIG, UNITED STATES CHIEF BANKRUPTCY JUDGE. HOWEVER, THE COURT HAS NOT DETERMINED WHETHER THE PLAN MEETS THE REQUIREMENTS OF THE BANKRUPTCY CODE FOR CONFIRMATION NOR IS THIS DISCLOSURE STATEMENT OR THE ORDER APPROVING IT TO BE CONSTRUED AS AN APPROVAL OR EN-DORSEMENT OF THE FAIRNESS OR MERITS OF THE PLAN BY THE COURT.**

**ALL PARTIES ENTITLED TO VOTE ON THE PLAN ARE URGED TO REVIEW IN FULL THE PLAN AND THIS DISCLOSURE STATEMENT TOGETHER WITH ALL EXHIBITS ATTACHED THERETO, PRIOR TO VOTING ON THE PLAN, AND MAY DESIRE TO CONSULT LEGAL COUNSEL PRIOR TO VOTING TO ENSURE COMPLETE UNDERSTANDING OF THEIR TREATMENT UNDER THE PLAN. THIS DISCLOSURE STATEMENT IS INTENDED FOR THE SOLE USE OF**

**CREDITORS AND INTEREST HOLDERS OF THE DEBTOR TO ENABLE THEM TO MAKE AN INFORMED DECISION ABOUT THE PLAN.**

**EACH CREDITOR AND INTEREST HOLDER IS URGED TO CONSULT ITS OWN TAX ADVISOR AS TO THE CONSEQUENCES OF THE PLAN TO IT UNDER FEDERAL AND APPLICABLE STATE, LOCAL AND FOREIGN TAX LAWS. THE DEBTOR MAKES NO WARRANTIES OR REPRESENTATIONS REGARDING THE TAX IMPACT OF THE PLAN ON ANY CREDITOR OR INTEREST HOLDER.**

### A. Confirmation Hearing

The court has scheduled a hearing (the "Hearing") to consider Confirmation of the Plan on September ___, 2010 at _____ a.m.., at the United States Bankruptcy Court, Eastern District of New York, 2701Cadman Plaza East, Courtroom numbered 3529 , Brooklyn, New York 11201.

### B. Objections to Confirmation

Objections to confirmation of the Plan, if any, must be in writing and must identify the objecting party and the nature of its interest in the Bankruptcy Case and must set forth in detail the nature and basis of the objection. Objections must be filed with the Clerk of the Court with the ECF system, with a copy to the Chambers of Chief Judge Craig and served upon the following no later than September ___, 2011 at 5:00 P.M. :

    Carlos J. Cuevas, Esq.
    Cuevas & Greenwald, P.C.
    1250 Central Park Avenue
    Yonkers, New York 10704

    Office of the United States Trustee,
    Hon. Conrad Duberstein United States Courthouse,
    27 1Cadman Plaza East,
    Brooklyn, New York 11201.,
    attn: William Curtin, Esq

C. **Overview of Voting on the Plan**

Holders of Claims and Interests in all Classes are deemed to have accepted the Plan. Their respective Allowed Claims or Interests are not impaired. Therefore, they are not entitled to vote under the Plan. In accordance with Bankruptcy Code Section 1123(a), Allowed Administrative Claims are not being classified under the Plan. The Plan provides that these Claims are to be paid in full on the distribution date.

D. **General Description of Treatment of Claims and Interests**

Set forth in detail elsewhere in this disclosure Statement and in the Plan is a description of the technical aspects of classification of Claims and Existing Interests, the Distributions and treatment afforded to Holder of such claims and Interest Holders upon the occurrence of the Effective Date and the consequences of the proposed Reorganization of the Debtor. THE FOLLOWING IS A BRIEF SUMMARY OF THE TREATMENT AFFORDED TO CLAIMS AND CLASSES BY THE PLAN. THIS SUMMARY IS PROVIDED FOR CONVENIENCE PURPOSES ONLY AND IS ABSOLUTELY QUALIFIED IN ITS ENTIRETY BY REFERENCE TO THE FULL TEXT OF THE PLAN. YOU ARE URGED TO CONSULT THE ACTUAL TEXT OF THE PLAN TO DETERMINED THE TREATMENT GIVEN TO THE CLASS WHICH ENCOMPASSES YOUR TYPE OF CLAIM OR INTEREST.

| Class | Description | Distribution |
| --- | --- | --- |
| No Class | Allowed Administrative Claims | Paid in full in cash on the Effective Date or entry of an order, if required, or as otherwise agreed to between the Debtor and the holder of such Claim. |

| | | |
|---|---|---|
| Class 1 | Secured Claims | AIA Capital, LLC's Allowed Secured Claim on the earlier of Effective Date of the Plan or the closing of the Debtor refinancing its Property |
| Class 2 | Priority Tax Claims | The holders of Allowed Priority Tax Claims shall be paid in full on the Effective Date. |
| Class 3 | General Unsecured Claims | The holders of Allowed Unsecured Claims shall receive a 100% distribution on the Effective Date of the Plan. |
| Class 4 | Equity Security Holders | Will retain their equity security interests in the Debtor under the Plan. |

Allowed Administrative Claims are comprised of the claim of Cuevas & Greenwald, P.C., counsel to the Debtor and Debtor-in-Possession and Eisner, LLP, accounts to the Debtor. Cuevas & Greenwald, P.C. expects to apply for total compensation of approximately $200,000 with expenses of approximately      Eisner, LLP, expects to apply for total compensation of approximately      with expenses of approximately     .

### E. Plan Alternatives

The Debtor believes that the Plan provides the best structure and means for the distribution of the proceeds of the sale or refinancing of the Debtor's assets. Given the size of the Estate, the Plan provides the most expeditious and efficient means of paying the creditors. A Chapter 7 case could reduce the payment to unsecured creditors because of the administrative costs. It would also delay the payment to Creditors for their Allowed Claims.

## II. EVENTS PRECEDING THE FILING

### A. History of the Debtor

Star Brite was formed in 2005. Star Brite's sole asset is the real estate located at 626 Flatbush Avenue, Brooklyn, New York (the "Property"). The Property is a commercial building with 30,000 square feet. The Property consists of five units. Its monthly rent roll is $49,000.

During 2010, the Debtor sought to refinance the Property in order to renovate the building. First American International Bank ("First American"), the mortgagee, told the Debtor not to make mortgage payments, but instead, to use the funds to pay for the renovations. The amounts due under the mortgage would be paid under a new promissory note when the Property was refinanced by First American. The mortgage on the Property was subsequently assigned to AIA Capital, LLC ("AIA"). AIA subsequently commenced a foreclosure proceeding in New York State Supreme Court.

## III. DESCRIPTION OF THE AVAILABLE ASSETS AND THEIR VALUE    DESCRIPTION OF THE LIABILITIES

The following is a description of the Debtor's available assets and their value:

The Debtor's accounts receivable are as follows:

Real Property-$4,500,000.00

Cash-$50,000.00

Equipment-$

Accounts receivable pre-petition     $

Accounts receivable post-petition    $

The liabilities of the Debtor are as follows:

1) Secured Claims- $2,700,000.00 (disputed)

2) Priority tax claim-$59,000.00 (disputed)

2) General Unsecured Claims-$20,000.00 (disputed)

Total Liabilities               $3,490,000

## IV. ANTICIPATED FUTURE OF THE COMPANY

The Debtor shall continue to operate the Property.

## V. SOURCE OF INFORMATION CONTINED IN THIS STATEMENT

The sources of information in this statement are Mr. William Cordero, the Debtor's President and the Debtor's books and records.

## VI. DEBTOR'S OPERATIONS IN CHAPTER 11

The Debtor operated its business in the ordinary course during this case.

Also during this case, the Debtor had extensive negotiations with AIA to resolve the Debtor's issues over the existence and amount of AIA's Claim. The Debtor and AIA achieved an agreement in principal which is being finalized.

Critical to the Debtor's reorganization is securing refinancing for its Property. The Debtor interviewed several potential funders for a refinancing. The Debtor is finalizing its decision. It expects to have a firm commitment, sufficient to fund the Plan, well before the Confirmation Date.

## VII. LIQUIDATION ANALYSIS

Based on the assets and liabilities discussed above, the Debtor estimates that there is approximately $1,500,000 in the Debtor's assets.

## VIII. ACCOUNTING METHOD USED TO PRODUCE THE FINANCIAL DATA

Cash method of accounting.

## IX. THE FUTURE MANAGEMENT OF THE COMPANY

The Debtor's management will continue to operate the Debtor after confirmation of the plan of reorganization. William Cordero, the Debtor's president, shall remain the Debtor's chief executive officer.

## X. ESTIMATED ADMINISTRATIVE EXPENSES

Cuevas & Greenwald, P.C., the Debtor's bankruptcy counsel expects to apply for total compensation of approximately $200,000.00 with expenses of approximately $            . Eisener. LLP, the Debtor's accountants counsel expects to apply for total compensation of approximately $        with expenses of approximately $            .

## XI. U.S. TRUSTEE FEES

The Debtor is current with the fees due to the Office of the United States Trustee under 28 U.S.C. § 1930. The U.S. Trustee's fees will continue to be due and payable until a Final Decree is entered or the case is dismissed or converted, whichever is earlier. After confirmation of the Plan of Reorganization, the Litigation Trust will be responsible for the payment of U.S.

Trustee fees.

XIII. **AMOUNT REALIZABLE FROM PREFERENCE AND FRAUDULENT CONVEYANCES**

  The Debtor's counsel examined the Debtor's financial history and determined that there are no voidable preferences or fraudulent conveyances.

XIV. **LITIGATION LIKELY TO ARISE IN A NON-BANKRUPTCY CONTEXT**

  The Debtor does not anticipate any litigation to arise in a non-bankruptcy context.

XV. **THE TAX ATTRIBUTES OF THE DEBTOR**

  The Debtor does not have a loss-carry forward.   The Dehbtor does not expect the Plan or its consummation to have any negative tax consequences.

XVI. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

  The Debtor will assume all of its executory contracts and unexpired leases.

XVII. **THE PLAN OF REORGANIZATION**

  **THE FOLLOWING IS A SUMMARY OF THE PROVISIONS OF THE PLAN AND, ACCORDINGLY, IS NOT AS COMPLETE AS THE FULL TEXT OF THE PLAN THAT ACCOMPANIES THIS DISCLOSURE STATEMENT.  THE PLAN ITSELF SHOULD BE READ IN ITS ENTIRETY. IN THE EVENT OF ANY INCONSISTENCIES BETWEEN THE DESCRIPTION OF THE PLAN CONTAINED IN THIS DISCLOSURE STATEMENT AND THE PLAN ITSELF, THE PROVISIONS OF THE PLAN SHALL**

**CONTROL.**

**A. <u>General</u>**

The Debtor believes that under the circumstances, the Plan provides for the best possible recovery to and a fair treatment in accordance with the provisions of and restrictions imposed by the Bankruptcy Code of each Class of Claims or Interests. The Plan contains different articles detailing definitions, classification, treatment of Claims and Existing Equity Interests, means of implementation and other miscellaneous provisions that will, if the Plan is confirmed after appropriate notice and a hearing, be binding on the Debtor, any Entity acquiring property under the Plan and all Creditors and Existing Interests Holders. If confirmed, the Plan will be binding whether or not a Claim or Interest is impaired under the Plan and whether or not a Creditor or Interest Holder has accepted the Plan.

*Solicitation of Acceptance of the Plan*. This Disclosure Statement was conditionally approved by the Bankruptcy Court in accordance with *section 1125 of the Bankruptcy Code (11 U.S.C. § 1125)* and has been provided to all Creditors and Interest Holders in this Case. This Disclosure Statement is intended to assist Creditors and Interest Holders with their evaluation of the Plan and their decision to accept or reject the Plan. Your acceptance of the Plan may not be solicited unless you receive a copy of this Disclosure Statement at the time of, or before, such solicitation.

*Votes Considered in Determining Acceptance of the Plan*. All the creditors and interest holders are unimpaired under the Plan. Therefore, all the creditors are deemed to have accepted the Plan, and are not entitled to vote.

*Hearing on Confirmation of the Plan*. The Bankruptcy Court has set a hearing to determine if the Plan has been accepted by the required number of holders of Claims and

Interests and if other requirements for Confirmation of the Plan outlined in the Bankruptcy Code have been satisfied. The hearing on Confirmation of the Plan shall commence on September __, 2011, at the United States Bankruptcy Court, located at the Hon. Conrad Duberstein United States Courthouse, 271 Cadman Plaza East, Brooklyn, New York. Any objections to confirmation of the Plan must be in writing and must be filed with the Clerk of the Bankruptcy Court and served on counsel for the Debtor on or before three days prior to the Confirmation Hearing.

### B. Underlying and Summary of Plan Provisions

The Plan is a 100% plan. The source of the funds or the procedures to satisfy Claims and Existing Interests are set forth more fully below.  The following sections describe in detail why the Plan is feasible and where and how the Debtor will obtain the proceeds to make the payments or provide the treatment and to assume the obligations set forth in the Plan.

Article I of the Plan contains a series of definitions that are applicable to both the Plan and this Disclosure Statement.  Readers are referred to the text of Article I of the Plan for a description of each defined term.

Article II of the Plan describes the classification of Claims and Interests.  The Plan classifies Claims and Interests separately in accordance with the Bankruptcy Code and provides different treatment to different Classes.  The Plan provides for three (3) separate Classes of Claims and one (1) Class of Interests each of which is accorded the treatment proposed for such Class or group  under the Plan.  Payments, Distributions and treatment provided under the Plan to, or for the benefit of, all Creditors and will be in full satisfaction and discharge of Claims and Interests, as more particularly explained in other Articles of the Plan.

Pursuant to section 1141 of the Bankruptcy Code, upon Confirmation of the Plan and

achievement of the Effective Date, and except as otherwise provided for in the Plan, the Debtor will be discharged from all Claims and Interests that have arisen before Confirmation of the Plan.

### C. Summary of Treatment of Unclassified Claims

#### 1. Allowed Administrative Claims

Allowed Administrative Claims are Claims against the Debtor and the Estate for administrative expenses (normally expenses accruing during the Bankruptcy Case) referred to in and allowed under sections 503(b) and 507(a)(1) of the Bankruptcy Code including, but not limited to, actual and necessary costs and expenses of preserving the Estate. Administrative Claims include, by way of example only, wages, salaries, or commissions for services rendered after the Relief Date, compensation and reimbursement of expenses awarded by Final Order of the Bankruptcy Court to Professional Persons, and costs associated with solicitation of acceptances and rejections of the Plan.

Administrative Claims representing liabilities incurred in the ordinary course of the Debtor's business are being paid in due course during the Bankruptcy Case, or will be paid thereafter, when same become owing pursuant to their terms. To the extent any such liabilities remain unpaid and are due pursuant to terms as of the Effective Date, they will be paid by the Debtor Post-Effective Date pursuant to and in accordance with ordinary business terms.

Claims for unpaid compensation and reimbursement of expenses to Professional Persons will be paid in Cash on the Effective Date, subject to same having been allowed and approved by the Bankruptcy Court, unless the Debtor and the holders of such Allowed Claims agree to other payment terms.

### D. Summary of Treatment of Classes of Claims and Interests

**Allowed Secured Claim of AIA Capital, LLC (Class 1)**.  The Allowed Secured Claim of AIA Capital, LLC will be paid on the earlier of Effective Date of the Plan or the closing of the Debtor refinancing its Property

**Allowed Priority Tax Claims (Class 2)** The Allowed Priority Tax Claims will be paid on the effective date of the Plan.

**Allowed Unsecured Claims (Class 3)**.  The Allowed Unsecured Claims will be paid on the effective date of the Plan.

**Interests of Equity Security Holders (Class 4)**.  The equity security holder will retain his interest under the Plan.

### E. Summary Description Plan Concerning Rejection And Assumption Of Executory Contracts

The Plan provides for the assumption of all of the Debtor's unexpired executory contracts or leases.

### F. Summary Description Of Plan With Regard To Provisions Concerning Distribution

The Plan provides that payments and Distributions to be made by the Debtor on the Effective Date shall be made on that date, or in certain instances within a reasonable period thereafter, except as is otherwise ordered by the Court or agreed to by the Debtor and a Creditor. If any payment or Distribution shall be due on a day other than a Business Day, the payment or Distribution shall be made on the next Business Day. At the election of the Debtor, Distributions to be made in Cash shall be made by check drawn on a domestic bank or by a wire transfer from a domestic bank.  No payments of fractional cents shall be made.  In the event any Entity fails to claim the distribution within one hundred and eighty (180) days from the date of such Distribution, then such payment shall be deemed Unclaimed Property.  In such event, the

unclaimed monies shall be placed back into the Debtor's Confirmation Fund and redistributed to the creditor body.

After the initial distribution made pursuant to the Plan of Reorganization by the debtor, any funds collected by the Litigation Trust will be distributed by the Litigation Trust to the general unsecured creditors.

### G. Summary Description Of Plan Concerning Discharge and Injunctions

The Plan provides specific provisions regarding discharge of Claims and Interests, releases and terminations.  All Creditors, Interest Holders and parties in interest should refer specifically to the Plan with regard to provisions concerning discharge of Claims and interests vesting of property in the Debtor, injunctions, releases, effect on certain Claims and Interests and certain terminations.  If Confirmation of the Plan does not occur, the Plan shall be deemed null and void and, in such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any Claims by or against the Debtor, the rights of Existing Interests Holders, or any other Entity or to prejudice in a manner the rights of the Debtor or any Entity in any further proceedings involving the Debtor.  Nothing contained herein or in the Plan is nor shall such be deemed an admission of any fact by the Debtor.  Only the Plan, when confirmed, will govern the rights and liabilities as between and among the Debtor, and any Creditor, Interest Holder or party-in-interest or such other Person or Entity whose rights are affected by the Plan.

### H. Summary Description Of Provisions Regarding Procedures For Resolving Disputed Claims

**Claim Objections**.  The Plan grants the Debtor the right to serve and file objections to the allowance, amount or classification of any Claim or Interest not later than forty-five (45) days subsequent to the Confirmation Date or within such other time as may be fixed by the Court.

**Payment of Disputed Claims**.  In the event that any payment or Distribution must be made to a holder of a Disputed Claim which become an Allowed Claim, the treatment or Distribution shall be made in accordance with the provisions of the Plan with respect to the Class of Creditors to which the respective Holder of such Claim belongs.

### I. Summary Description Of Plan Provisions Regarding Retention of Jurisdiction

The Plan provides that the Court shall retain jurisdiction of the Bankruptcy Case following Confirmation of the Plan for a wide range of matters and issues and for various purposes, including interpretation of the Plan, resolution of disputes concerning orders of the Court, pending litigation, Professional Persons compensation issues, determination of disputes and issues regarding property and rights of the Debtor and Reorganized Gujarat Times, Inc. All Claimants, Interest Holders and parties-in-interest should refer specifically to the Plan for a full and complete statement of the various matters in which the Bankruptcy Court shall, under the terms of the Plan, retain jurisdiction.

### J. Summary Description Of Plan Provisions Regarding Retention Of Assets And Title To Property

The Plan that upon Confirmation of the Plan of Reorganization that title to the Property of the Estate shall vest in the Debtor.

### K. Disbursing Agent

All Distributions pursuant to the Plan will be made when due, in accordance with the Plan, by the Debtor acting as its own Disbursing Agent and the Debtor shall establish such accounts or funds which will be held in trust for the Creditors entitled to distribution, which shall not constitute property of the Estate.

### L. Summary Description Of General Provisions Of The Plan

Under the Plan, the Debtor reserves the right, in accordance with the Bankruptcy Code,

to amend or modify the Plan. The Plan also prescribes certain rules pertaining to notice to the Debtor, as well as notice to all other Entities post-Confirmation. The Plan shall, except to the extent governed by the Bankruptcy Code or applicable federal law, be governed, construed and enforced in accordance with the laws of the State of New York.

### XVIII. PLAN FUNDING AND MEANS FOR EXECUTION OF THE PLAN

The Plan is to be implemented in a manner consistent with section 1123 of the Bankruptcy Code, which essentially sets forth the minimum requirements and elements that a plan of Reorganization must contain in order to meet the standards for Confirmation.

#### A. Funding

The Plan will be funded from the proceeds of a new mortgage on the Property.

#### B. Vesting Of Interests And Title

As of the Effective Date, the Debtor shall retain all legal title to its property to which it has good title as of the Relief Date, including all leasehold interests being assumed under Article X of the Plan or to which it received title during the Bankruptcy Case. All Assets possessed by or titled to the Debtor or the Estate will vest in the Debtor free and clear of all Claims and Existing Equity Interests, except as may be provided for in the Plan.

### XIX. ALTERNATIVES TO THE PLAN

A potential alternative to the Plan would be conversion of the Bankruptcy Case to Chapter 7 liquidation or liquidation within Chapter 11 through a liquidating plan. It is unlikely that there will be no distribution to the unsecured creditors in a Chapter 7 case. Because of the increased administrative costs. Dismissal of the Bankruptcy Case is another alternative to the

Plan.  However, the consequences of such a course would be little different then the results of conversion to Chapter 7 or liquidation in Chapter 11.

**Essentially, the Debtor believes that there is <u>no</u> viable better alternative to the Plan. Any alternative would be significantly prejudicial to all Creditors and parties-in-interest.**

**For all of the above reasons, the Debtor believe that the Plan meets the best interest of creditors test.  The Debtor is soliciting your vote in favor of the Plan.**

Dated:  New York, New York
        July 20, 2011

                      STAR BRITE PROPERTIES CORP.

                      By:_____
                          William Cordero, President

                      CUEVAS & GREENWALD, P.C.
                      Attorney for Star Brite Properties Corp.
                      Debtor and Debtor-in-Possession

                      By: <u>/s/ Wayne M. Greenwald</u>   Officer
                          Wayne M. Greenwald
                      at 475 Park Avenue South - 26th Floor
                      Yonkers, New York 10016
                      Tel. No. 212-983-1922