**John W. Russell**
**Attorney-at-Law**
**60 East 12th Street**
**New York, New York 10003**
**Tel.: 917-224-2260**
**Fax: 212-673-5718**

April 3, 2012

Hon Carla E. Craig
Chief Bankruptcy Judge
United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201-1800

Re:    In re Starbrite Properties Corp.
Docket No. 11- 40758 (CEC)

    This letter is written to apprise Cuevas & Greenwald, P.C. Rachel Blumenfeld, Amster, Rothstein & Ebenstein and Gabriel Del Virginia that the undersigned intends to present an order to show cause to the Hon. Carla E. Craig seeking a protective order relevant to a subpoena duces tesum served upon the undersigned by Cuevas & Greenwald, P.C. and made returnable on April 3, 2012.

    I have previously advised the court by telephone on the afternoon of April 2, 2012

    I hope to present the order to show cause at noon or as soon thereafter as counsel and be heard.

    I advise the court that I am having difficulty with my electronic filing at the moment so I am presenting the order to show cause in person at that time. As soon as I can straighten matters with Margaret Merritt, the person in charge of electronic filing, I will have order to show cause electronically filed.

    I thank the court for its courtesy and cooperation in this regard.

Yours truly,

John W. Russell

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
In re:

Starbrite Properties Corp.,                                    **ORDER TO SHOW CAUSE**
                                                               Docket No. 11-41758 (CEC)

                              Debtor.

_____

      Upon the annexed affidavit of John W. Russell, sworn to on April 3, 2012, and

the exhibits annexed thereto, let Cuevas & Greenwald, P.C. show cause before the Hon.

Carla E Craig, Chief Bankruptcy Judge of the United States Bankruptcy Court for the

Eastern District of New York, at a Motion Term of Said Court on the    day of April,

2012 why an order should not be made and entered herein:

      1. Entering a protective order directing that John W. Russell, Esq. need not

respond to the subpoena duces tecum served by Cuevas & Greenwald, P.C.,  by Express

Mail upon John W. Russell, Esq. for the reasons recited in the succeeding papers

submitted in support of this application or motion;

      2. Imposing all costs and disbursements attendant to this motion upon Cuevas &

Greenwald, P.C. and directing that John W. Russell shall have execution therefore; and

      3. Granting such other and further relief as the Court may deem just and proper.

      MEANWHILE AND PENDING THE DETERMINATION OF THIS MOTION,

Cuevas & Greenwald, P.C. are restrained and enjoined from any and all efforts to enforce

said subpoena or to move for contempt with respect thereto as a result of any failure to

produce any documents or items sought therein.

      SUFFICIENT CAUSE APPEARING THEREFOR, let service of a copy of this

order to show cause, together with copies of the papers upon which it is based, upon

Cuvas & Greenwald, P.C, Gabriel Del Virginia, attorney for Starbrite Properties Corp.

Amster, Rothstein & Ebenstein, Rachel Blumenfeld, Esq, attorney for Yolande Nicholson

by e-mail or by first class mail, deposited into the custody of the United State Postal

Service, on or before April    , 2012 be deemed good and sufficient  service.


_____
United States Bankruptcy Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
In re:

Starbrite Properties Corp.,                                    AFFIDAVIT IN SUPPORT
                                                               Docket No. 11- 11-41758 (CEC)

                               Debtor.
_____

State of New York )
                    ss.:
County of New York)


      John W. Russell, being duly sworn, deposes and says:

      1. I am an attorney practicing law in the State and City of New York.

      2. I have not heretofore appeared in this Chapter 11 proceeding on behalf of any

person or party.

      3. I have no claim or interest in the outcome of the reorganization proceeding

other than the fact that I have represented Starbrite Properties Corp. in several actions

related to the bankruptcy proceeding as more fully described in succeeding paragraphs.

      4. On March 26, 2012, a subpoena duces tecum arrived at my office issued by

Carlos Cuevas of Cuevas & Greenwald, P.C. demanding items from my files or records

or otherwise in my possession. A Copy of said subpoena is appended hereto as Exhibit

A)

      5. The document is not signed by the court or the clerk of the court and I am not

aware of any prior application seeking leave of the court to conduct third party discovery

or any order of this court granting such application.

6. On April 2, 2012, I e-mailed a letter to Carlos Cuevas of Cuevas & Greenwald, P.C. stating objections thereto (Exhibit B) and received the following response (Exhibit C).

7. It is clear that there can be no resolution if the issues absent court intervention.

8. In addition to the reasons stated in my letter, I add the following objections:

a) This subpoena essentially asks that Cuevas & Greenwald, P.C. be permitted rummage through my entire office and is apparently designed to interfere with an attorney-client relationship I may have with the client with whom he has his issues

b) Further, there are an unknown number of documents this blunderbuss subpoena which I would be required to convass to categorize, copy and register in a privilege log. This requires **hours** of time and effort.

c) The court will note that Cuevas & Greenwald, P.C. has not attempted to describe any documents with the slightest degree of particularity or to state the issues upon which evidence is sought and, in fact, by its e-mail response, intentionally refuses to do so. The subpoena is plainly a fishing expedition.

d) The intent to make compliance as great a burden upon the recipient as possible. Cuevas & Greenwald, P.C. well know that I am a sole practitioner in every sense, with no support staff to assist me, carry a full litigation schedule and suffer the after-effects of a stroke on September 3, 2011.

e) Cuevas & Greenwald, P.C. makes no response to the argument that it is already in possession of certain documents it now seeks to "discover" or that a number of them are available from the records of the United States District Court for the Eastern District of New York.

f) It does not assert how these documents are suddenly relevant and necessary when they were apparently never relevant and necessary during the year or more that Cuevas & Greenwald, P.C. represented Starbrite Properties Corp.

g) If the court is to direct production of any documents or the preparation of a "privilege log, the hearing or proceeding to which they are alleged to be relevant should. adjourned 30 days.

h) Finally, I note that this is Christian Holy Week and Jewish Passover week.

WHEREFORE, I ask that the motion for a protective order be granted in all respects.

John W. Russell

Sworn to before me this
3d day of April, 2012

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

_____EASTERN_____    District of    ___NEW YORK___

In re STARBRITE PROPERTIES CORP.
                    Debtor

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. *  11-40758(CEC)

To: John W. Russell, Esq.
    60 East 12th Street
    New York, New York 10003-5019

Chapter    11

---

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION    Cuevas & Greenwald, P.C., 475 Park Avenue South, 26 Floor, New York, New York 10016 | DATE AND TIME April 11, 2012 @ 10:00 AM |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

ALL THE DOCUMENTS SET FORTH IN EXHIBIT A.

| PLACE Cuevas & Greenwald, P.C., 1250 Central Park Avenue, Yonkers, New York 10704 | DATE AND TIME April 3, 2012 @ 10:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE          Officer | DATE 3/23/12 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER  Carlos J. Cuevas, Esq., Cuevas & Greenwald, P.C., 1250 Central Park Avenue, Yonkers, New York 10704 Tel. No. 914.964.7060

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.



Exhibit A

Definitions

1. Cuevas & Greenwald, P.C. incorporates by reference the "Uniform Definitions in Discovery" set forth in Local Civil Rule 26.3 of the United States District Court for the Eastern District of New York. Without limiting the foregoing, the terms used in this Document Request shall have the following meanings:

2. "Debtor" means Starbrite Properties Corp.

3. "Bankruptcy Case" means the Chapter 11 case of the Debtor pending in the United States Bankruptcy Court, Eastern District of New York under Case No. 11-40758 (CEC).

4. "Petition Date" shall means February 1, 2011 the date the Debtor filed its bankruptcy case.

5. "Cordero" means Mr. William Cordero.

6. "Nicholson" means Yolande Nicholson, Esq. or Yolande Nicholson, P.C.

7. "Caliente" means Caliente Cab Restaurant Co., Inc.

8. "Interpleader" means *Cuevas & Greenwald, P.C. et al v. Nicholson*, Adv. Pro. No. 10-1031(CEC).

9. "Infringement Action" means *Caliente Cab Restaurant Co., Inc. v. Caliente Café Restaurant & Bar, Inc. et al,* Civ. No. 11-327(RJD).

Instructions

1. Except as otherwise expressly provided, each of the following requests is limited to the period from January 1, 2011 through the date of your production.

3

2. The use of a verb in any tense shall be construed as the use of that verb in all other tenses, wherever necessary to bring within the scope of the document request all responses which might otherwise be construed to be outside its scope.

3. Where a claim of privilege is asserted in objecting to any document request or sub-part thereof, and one or more documents are not provided on the basis of such assertion, the information required by Local Civil Rule 26.2(a)(2)(A) of the United States District Court for the Eastern District of New York shall be provided.

4. Cuevas & Greenwald, P.C. incorporates by reference the instructions regarding objections to any document request set forth in Local Civil Rule 26.2(a) of the United States District Court for the Eastern District of New York.

5. If any document requested has been lost, discarded, destroyed, stolen or otherwise disposed of, you are required to provide, in lieu of a true and correct copy thereof, a description of such document indicating: (a) the date of the document; (b) brief description of the document; (c) the author and all recipients of the document; and (d) the date upon which the document was lost, discarded, destroyed, stolen or otherwise disposed of.

6. The following requests are continuing. Should responsive documents, not previously produced, come to your attention and/ or become subject to your control or that of your attention and/or become subject to your control or that of your attorneys, employees, agents, or other representatives at any time before the conclusion of the Bankruptcy Case, they shall be produced forthwith.

7. The following requests seek production of all documents in their entirety without abbreviation, omission or expurgation.

4

8. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features or shall be organized and labeled to correspond to the appropriate document request herein. If there are no documents responsive to any particular document request, indicate this in response to that document request.

## Document Requests

1.    All correspondence concerning Caliente.

2.    All correspondence concerning the Infringement Action..

3.    All correspondence concerning the Permanent Injunction and Judgment of Infringement on Consent entered in the Infringement Action.

4.    All correspondence with Chester Rothstein, Esq.

5.    All correspondence concerning the Stipulated Judgment dated September 27, 2011 and entered in the Infringement Action.

6.    All correspondence with Cordero concerning the Infringement Action.

*Cuevas & Greenwald, P.C.*
*Pro Se*
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas
Wayne M. Greenwald

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re                                                          Chapter 11

STARBRITE PROPERTIES CORP.,                    Case No. 11-40758 (CEC)

                          Debtor.

-------------------------------------------------------X

## NOTICE TO TAKE DEPOSITIONS UPON ORAL QUESTIONS
## AND FOR THE PRODUCTION OF DOCUMENTS

**MADAMS/ SIRS:**

        **PLEASE TAKE NOTICE**, pursuant to Federal Rule of Civil Procedure 30(b)(1) and

30(b)(6), Federal Rules of Bankruptcy Procedure 7030 and 9014, that on April 11, 2012, at 10:00

A.M., at the office of Cuevas & Greenwald, P.C. located at 475 Park Avenue South, 26th floor,

New York, New York 10016, Cuevas & Greenwald, P.C., *pro se*, will take the deposition of John

W. Russell, Esq. The deposition will be taken upon oral examination and will be recorded at said

time and place before a notary public or as the case may be and will continue from day to day

until completed. This deposition, when completed and filed, is intended to be used as evidence of

the trial of this action, or for any other lawful and proper purpose

        **PLEASE TAKE FURTHER NOTICE**, that you are required to produce the documents

1

set for on Exhibit A for production, inspection and copying on April 3, 2012 at 10:00 AM, in the

office of Cuevas & Greenwald, P.C., located at 1250 Central Park Avenue, Yonkers, New York

10704.

Dated: Yonkers, New York
     March 23, 2012

                                   *CUEVAS & GREENWALD, P.C.*
                                   *Pro Se*

                                   By:  /s/ Carlos J. Cuevas
                                   Carlos J. Cuevas
                                   1250 Central Park Avenue
                                   Yonkers, New York 10704
                                   Tel. No. 914.964.7060

To: Mr. William Cordero
    626 Flatbush Avenue
    Brooklyn, New York 11225

    Marylou Martin, Esq.
    Office of the U.S. Trustee
    271 Cadman Plaza East
    Brooklyn, New York 11201

Exhibit A

Definitions

1. Cuevas & Greenwald, P.C. incorporates by reference the "Uniform Definitions in Discovery" set forth in Local Civil Rule 26.3 of the United States District Court for the Eastern District of New York. Without limiting the foregoing, the terms used in this Document Request shall have the following meanings:

2. "Debtor" means Starbrite Properties Corp.

3. "Bankruptcy Case" means the Chapter 11 case of the Debtor pending in the United States Bankruptcy Court, Eastern District of New York under Case No. 11-40758 (CEC).

4. "Petition Date" shall means February 1, 2011 the date the Debtor filed its bankruptcy case.

5. "Cordero" means Mr. William Cordero.

6. "Nicholson" means Yolande Nicholson, Esq. or Yolande Nicholson, P.C.

7. "Caliente" means Caliente Cab Restaurant Co., Inc.

8. "Interpleader" means *Cuevas & Greenwald, P.C. et al v. Nicholson*, Adv. Pro. No. 10-1031(CEC).

9. "Infringement Action" means *Caliente Cab Restaurant Co., Inc. v. Caliente Café Restaurant & Bar, Inc. et al,* Civ. No. 11-327(RJD).

Instructions

1. Except as otherwise expressly provided, each of the following requests is limited to the period from January 1, 2011 through the date of your production.

3

2. The use of a verb in any tense shall be construed as the use of that verb in all other tenses, wherever necessary to bring within the scope of the document request all responses which might otherwise be construed to be outside its scope.

3. Where a claim of privilege is asserted in objecting to any document request or sub-part thereof, and one or more documents are not provided on the basis of such assertion, the information required by Local Civil Rule 26.2(a)(2)(A) of the United States District Court for the Eastern District of New York shall be provided.

4. Cuevas & Greenwald, P.C. incorporates by reference the instructions regarding objections to any document request set forth in Local Civil Rule 26.2(a) of the United States District Court for the Eastern District of New York.

5. If any document requested has been lost, discarded, destroyed, stolen or otherwise disposed of, you are required to provide, in lieu of a true and correct copy thereof, a description of such document indicating: (a) the date of the document; (b) brief description of the document; (c) the author and all recipients of the document; and (d) the date upon which the document was lost, discarded, destroyed, stolen or otherwise disposed of.

6. The following requests are continuing. Should responsive documents, not previously produced, come to your attention and/ or become subject to your control or that of your attention and/or become subject to your control or that of your attorneys, employees, agents, or other representatives at any time before the conclusion of the Bankruptcy Case, they shall be produced forthwith.

7. The following requests seek production of all documents in their entirety without abbreviation, omission or expurgation.

4

8. All documents are to be produced as they are kept in the usual course of business with any identifying labels, file markings or similar identifying features or shall be organized and labeled to correspond to the appropriate document request herein. If there are no documents responsive to any particular document request, indicate this in response to that document request.

## Document Requests

1.    All correspondence concerning Caliente.

2.    All correspondence concerning the Infringement Action..

3.    All correspondence concerning the Permanent Injunction and Judgment of Infringement on Consent entered in the Infringement Action.

4.    All correspondence with Chester Rothstein, Esq.

5.    All correspondence concerning the Stipulated Judgment dated September 27, 2011 and entered in the Infringement Action.

6.    All correspondence with Cordero concerning the Infringement Action.

**John W. Russell**
**Attorney-at-Law**
**60 East 12ᵗʰ Street**
**New York, New York 10003**
**Tel.: 917-224-2260**
**Fax: 212-673-5718**

April 2, 2012

Carlos J. Cuevas
Cuevas & Greenwald, P.C.
1250 Central Avenue
Yonkers, New York 10704

Re:    In re: Starbrite Properties Corp.
Case No. 11-40758 (CEC)

Dear Mr Cuevas:

This letter is written to express my objection to the purported subpeona duces tecum received my office on March 26, 2012 by mail, along with Cuevas & Greenwald check number 1015 in the amount of $50.00.

First, I note that the purported subpoena was not signed by a judge or magistrate nor was the seal of the clerk of the court affixed thereto.

Second, Document Requests Nos. 1 through 6 are, on their face, overbroad and non-specific.

Third, all Document Requests, except those pertaining to communications to which you were a recipient, are privileged as they refer to communications with my clients, William Cordero, Caliente Café, Restaurant & Bar, Inc. or Starbrite Properties Corp., *now known as Mi Candela, Inc.* or which include matters involving the legal strategies of said clients.

Third, as to ones where you were included as counsel or otherwise as a recipient, you already are in possession of them and production by subpoena would be duplicative, vexatious and unnecessary.

Fourth, many requested documents either have been previously provided to your office or are available from public records.

Fifth, if compliance were deemed appropriate, I would need a larger amount of time to review the records referenced than provided.

Ex B

Accordingly, I ask that the subpoena be withdrawn and the aforementioned check 1015 will be returned to you.

If the subpoena is nor withdrawn or we cannot otherwise reach an accord on the issues, it is my intention to submit an order to show cause on or before April 4, 2012 to quash said subpoena, for reasonable attorneys' fees, costs of said motion and other relief. That is the earliest date upon which I can address this matter before the court.

Yours truly,

John W. Russell

John Russell < jwr10003@gmail.com>

## M Starbrite Deposition
3 messages

---

**CCuevas576@aol.com** < CCuevas576@aol.com>                    Mon, Apr 2, 2012 at 1:21 PM
To: jwr10003@gmail.com, Grimlawyers@aol.com, CCuevas576@aol.com

Dear Mr. Russell:

This responds to your letter we received today.

First, I note that the purported subpoena was not signed by a judge or magistrate nor was the seal of the clerk of the court affixed thereto.

*The subpoena need not be issued by the Court or its Clerk. Fed.R.Civ.P. R. 45(a)(3), made applicable to this case by Fed.R.Bankr.P. R. 9016, provides:*

    *(3) Issued by Whom.*
    *The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena as an officer of:*
        *(A) a court in which the attorney is authorized to practice; or*
        *(B) a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending. (Emphasis Supplied)*

*See also, 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard Marcus, Federal Practice & Procedure Section 2453 (3rd ed. 2011). A court in the Eastern District of New York has stated:*

Rule 45 of the Federal Rules of Civil Procedure provides that an attorney, as an officer of the court, may issue a subpoena on behalf of a court in which the attorney is authorized to practice, or for a court in a district in which a document production is compelled by the subpoena. Fed.R.Civ.P. 45(a)(3). Valid attorney-issued subpoenas under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served. *See, e.g.,* Advisory Committee Notes, 1991 Amendment to Fed.R.Civ.P. 45; *Board of Governors of Federal Reserve System v. Pharaon,* 140 F.R.D. 634, 641–42 (S.D.N.Y.1991). *Calabro v. Stone,* 224 F.R.D. 532, 533 E.D.N.Y.,2004.

Second, Document Requests Nos. 1 through 6 are, on their face, overbroad and non-specific.

**You can and must still respond to the extent you understand the request and have documents. Your objection is noted to the extent you do not comply with the subpoena.**

Third, all Document Requests, except those pertaining to communications to which you were a recipient, are privileged as they refer to communications with my clients, William Cordero, Caliente Café, Restaurant & Bar, Inc. or Starbrite Properties Corp., now known as Mi Candela, Inc. or which include matters involving the legal strategies of said clients.

*If documents are subject to a privilege, you may not assert a blanket objection. You are required to produce a privilege log. Also, there are issues whether the privilege even exists or has been waived. The attorney-client privilege applies to communications of the client to the attorney concerning prior wrong-doing, but not to on-going or prospective fraud, crime or torts. See, e.g., U.S. v. Sabbeth, 34 F. Supp. 2d 144 (E.D. N.Y. 1999). We also believe that the "crime - fraud" exception to the attorney-client privilege prevails here. See, In re Enron Corp., 349 B.R. 115, 127, (Bankr. S.D. N.Y. 2006).*

Third, as to ones where you were inclnuded [sic ]as counsel or otherwise as a recipient, you already are in possession of them and production by subpoena would be duplicative, vexatious and unnecessary.

*Ex C*

*Appreciate your thought. However, still not a basis for objection here.*

Fourth, many requested documents either have been previously provided to your office or are available from public records.

*Appreciate your thought. However, still not a basis for objection here. Also, you need to identify what requests you're referring to.*

Fifth, if compliance were deemed appropriate, I would need a larger amount of time to review the records referenced than provided.

*I doubt that. Nevertheless, how much additional time would you require? Maybe we can accommodate you.*

*There are six document requests that go directly to your representation of Mr. Cordero in Caliente Cab Restaurant Co., Inc. v. Caliente Cafe Restaurant & Bar, Inc. and Cordero 11 Civ. 327 (RJD). The document requests are not overly broad. For example, we are requesting the production of all correspondence with Mr. Rothstein; all correspondence concerning the Permanent Injunction and Judgment of Infringement on Consent. We are also seeking all correspondence with Mr. Cordero concerning Caliente Cab Restaurant Co., Inc. v. Caliente Cafe Restaurant & Bar, Inc. and Cordero 11 Civ. 327 (RJD). Under United States v. Richard Roe, Inc., 68 F.3d 38 (2nd Cir. 1995)(crime-fraud exception to attorney-client privilege) we are entitled to review your correspondence with Mr. Cordero.*

*We are requesting that you comply with the subpoena so that we will not have to move for contempt. Carlos Cuevas & Wayne Greenwald*

CONFIDENTIALITY STATEMENT
The information contained in this message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in Error, please notify us immediately by telephone (914-964-7060) and delete the original message.
Thank you.

MESSAGE

From
CUEVAS &  GREENWALD, P.C.
Attorneys
at 1250 Central Park Avenue
Yonkers, NY 10704
Tel  914-964-7060
Fax 914 -964-7064
E-mail: CCuevas576@aol.com

**John Russell**< jwr10003@gmail.com>                              Mon, Apr 2, 2012 at 1:32 PM
To: CCuevas576@aol.com

i am preparing an order to show cause to present to the court tomorrow seeking a protective order and
ancillary relief since we cannot agree.

[Quoted text hidden]

--
John W. Russell, Esq.
60 East 12th Street
New York, N.Y. 10003
Tel.  917-224-2260
Fax. 212-673-5718

---

**John Russell**< jwr10003@gmail.com>                              Mon, Apr 2, 2012 at 1:34 PM
To: rblmnf <rblmnf@aol.com>, Yolande <attorneynicholson@gmail.com>

response by cuevas and my response to him
[Quoted text hidden]
[Quoted text hidden]

Reply        Reply to all        **Forward**

Archive   Spam   Delete

**John Russell**    i am preparing an order to show cause to present to the court to

**John Russell** to rblmnf, Yolande

Move to   Labels   More
response by oacvas and my response to him

- Show quoted text -
- Show quoted text -

Reply        **Reply to all**        Forward

Archive   Spam   Delete

Move to   Labels   More

**8% full**
Using 668 MB of your 7696 MB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
In re:

Starbrite Properties Corp.,

                  Debtor.

---

## ORDER TO SHOW CAUSE & SUPPORTING AFFIDAVIT

**John W. Russell**
**Attorney for Defendants**
**60 East 12th Street**
**New York, New York 10003**
**Tel.: 917-224-2260**
**Fax: 212-673-5718**

---

**Service of a copy hereof is admitted**

**Counsel:**

    **Please take Notice** that the within is a true copy of an order duly entered herein on

    **Please take Notice** that the within is a true copy of an order which will be presented for settlement to the Hon.                 , one of the justices of this court on

                                **John W. Russell**
                                **Attorney for**
                                **60 East 12th Street**
                                **New York, New York 10003**
                                **Tel.: 917-224-2260**
                                **Fax: 212-673-5718**